KETHLEDGE, Circuit Judge,
concurring in part and concurring in the judgment.
In my view Venezuela is immune from jurisdiction in this case under the Foreign Sovereign Immunities Act. The question under the Act is whether Venezuela engaged in some “commercial activity” that had a “direct effect” in the United States. 28 U.S.C. § 1605(a)(2). In the last appeal the activity that deprived Venezuela of immunity was its putative issuance of the Notes, since the case then came to us at the pleading stage and we were thus required to assume that Skye’s allegations were true. But now we know they were false. In this appeal, however, Skye argues that the relevant “commercial activity” was a Ministry of Finance investigation and an inter-agency legal opinion with respect to the Notes. But both of those actions were the exercise of “powers peculiar to sovereigns” rather than “powers that can also be exercised by private citizens.” Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992) (internal quotation marks omitted). And neither of those actions had the “direct effect” in the United States—as opposed to the highly attenuated effect that Skye claims to have felt here—necessary for Venezuela to lose immunity under the Act. 28 U.S.C. § 1605(a)(2). Hence I would dismiss this appeal on jurisdictional grounds.
That said, however, I wholeheartedly join part V of the majority opinion, in which the court invites Venezuela to seek fees and costs under Rule 38. Skye chose to buy (for pennies on the dollar) notes that were obviously fraudulent, and then for twelve years took a flier on enforcing them in federal court. The consequences for the defendants and the court system alike have included a 23-day bench trial and two notably burdensome appeals, the last of which was utterly without merit. A motion under Rule 38 will allow us to consider whether Skye and its attorneys should now share some of those consequences.